**OLSHAN FROME WOLOSKY LLP**
Thomas J. Fleming, Esq. (*pro hac vice* pending)
Jeffrey A. Udell, Esq. (*pro hac vice* pending)
Nicole C. Barna, Esq.
Park Avenue Tower
65 East 55th Street
New York, New York 10022
Ph: (212) 451-2300
Fax: (212) 451-2222
Email: tfleming@olshanlaw.com
       judell@olshanlaw.com
       nbarna@olshanlaw.com

*Attorneys for Defendants*

**CONRAD O'BRIEN PC**
Nicholas M. Centrella, Esq.
Centre Square, West Tower
1500 Market Street, Ste. 3900
Philadelphia, PA 19102-1921
Ph: (215) 864-8098
Fax: (215) 864-0798
Email: ncentrella@conradobrien.com

Joshua J. Voss, Esq.
The Payne Shoemaker Building
240 North Third Street, 5th Floor
Harrisburg, PA 17101
Ph: (215) 864-8081
Fax: (215) 864-7401
Email: jvoss@conradobrien.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RCM Technologies, Inc.,<br><br>                       Plaintiff,<br><br>          v.<br><br>Legion Partners Asset Management, LLC, Bradley Vizi, Christopher Kiper, Roger Ballou, Michael O'Connell, IRS Partners No. 19, L.P., The Leonetti/O'Connell Family Foundation, M2O, Inc., The Michael F. O'Connell and Margo L. O'Connell Revocable Trust,<br><br>                       Defendants.<br><br>Legion Partners Asset Management, LLC, Bradley Vizi, Roger Ballou and IRS Partners No. 19, L.P.,<br><br>                       Counterclaim Plaintiffs,<br><br>          v.<br><br>RCM Technologies, Inc.,<br>                       Counterclaim Defendant. | No. 1:13-cv-06809-RBK-KMW<br><br>**ANSWER AND COUNTERCLAIMS OF DEFENDANTS LEGION PARTNERS ASSET MANAGEMENT, LLC, BRADLEY VIZI, ROGER BALLOU, AND IRS PARTNERS NO. 19, L.P.** |

Defendants Legion Partners Asset Management, LLC, Bradley Vizi, Roger Ballou, and IRS Partners No. 19, L.P., (hereinafter "Answering Defendants"), by their undersigned attorneys, for their answer to the Complaint filed by Plaintiff RCM Technologies, Inc. ("RCM") state as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. Deny the allegations in paragraph 2 of the Complaint, except admit that Mr. Vizi resides at the address indicated in this paragraph, that Mr. Vizi is a Managing Director of Legion Partners Asset Management, LLC ("Legion Partners") and that Mr. Vizi enjoys power of attorney for the indicated parties with respect to the solicitation of votes in RCM's pending proxy contest.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4. Admit the allegations in paragraph 4 of the Complaint.

5. Admit the allegations in paragraph 5 of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Deny the allegations in paragraph 10 of the Complaint, except admit that Legion Partners is party to an investment advisory agreement with each of IRS Partners No. 19 and the Leonetti/O'Connell Family Foundation.

11. Deny the allegations in paragraph 11 of the Complaint.

12. Aver that the allegations in paragraph 12 of the Complaint call for a legal conclusion to which no response is required.

13. Deny the allegations in paragraph 13 of the Complaint, except admit that on October 30, 2013 Defendants filed a Definitive Proxy Statement (the "Proxy") with the Securities and Exchange Commission (the "SEC").

14. Deny the allegations in paragraph 14 of the Complaint and also aver that allegations in this paragraph call for legal conclusions to which no response is required.

15. Aver that the allegations in paragraph 15 of the Complaint call for a legal conclusion to which no response is required.

16. Aver that the allegations in paragraph 16 of the Complaint call for a legal conclusion to which no response is required.

17. Aver that the allegations in paragraph 17 of the Complaint call for a legal conclusion to which no response is required.

18. Aver that the allegations in paragraph 18 of the Complaint call for a legal conclusion to which no response is required.

19. Admit the allegations in paragraph 19 of the Complaint.

20. Deny the allegations in paragraph 20 of the Complaint, except admit that throughout 2012 Mr. Vizi engaged in discussions with RCM and that on September 25, 2013, Legion Partners Asset Management, LLC ("Legion Partners") sent a letter to RCM.

21. Deny the allegations in paragraph 21 of the Complaint, except admit that on January 2, 2013, the Defendants delivered a letter to RCM nominating Roger H. Ballou and Bradley Vizi for election to the RCM's board of directors (the "Board") at RCM's 2013 annual meeting of

stockholders (the "2013 Annual Meeting"), and further aver that the text of the letter speaks for itself.

22. Deny the allegations in paragraph 22 of the Complaint, except admit that on January 24, 2013, RCM's Chairman and Chief Executive Officer, Leon Kopyt met with Mr. Vizi.

23. Deny the allegations in paragraph 23 of the Complaint, except admit that on January 25, 2013, Mr. Kopyt and Defendant Vizi spoke via telephone.

24. Deny the allegations in paragraph 24 of the Complaint, except admit that on January 31, 2013, Mr. Kopyt delivered a letter to Defendant Vizi, the text of which speaks for itself.

25. Deny the allegations in paragraph 25 of the Complaint, except admit that on January 31, 2013, Mr. Kopyt delivered a letter to Defendant Vizi, the text of which speaks for itself, and RCM's Board adopted a stockholder rights plan (the "Rights Plan"), commonly known as a "poison pill."

26. Deny the allegations in paragraph 26 of the Complaint, except admit that on February 4, 2013, Mr. Vizi delivered a letter to RCM, the text of which speaks for itself.

27. Deny the allegations in paragraph 27 of the Complaint, except admit that on February 8, 2013, RCM delivered a letter to Mr. Vizi, the text of which speaks for itself.

28. Deny the allegations in paragraph 28 of the Complaint, except admit that on May 28, 2013, the RCM Board approved an amendment to the Rights Plan.

29. Deny the allegations in paragraph 29 of the Complaint.

30. Deny the allegations in paragraph 30 of the Complaint, except admit that on October 3, 2013, Defendants provided a notice and delivered a letter to RCM, the text of which speaks for itself.

31. Deny the allegations in paragraph 31 of the Complaint, except admit that on January 19, 2012, IRS 19 and its affiliated reporting persons filed a Schedule 13D with the SEC concerning their ownership interest in RCM and this Schedule 13D has been amended from time to time.

32. Deny the allegations in paragraph 32 of the Complaint and also aver that the allegations in this paragraph call for a legal conclusion to which no response is required.

33. Deny the allegations in paragraph 33 (a) – (d) of the Complaint.

34. Deny the allegations in paragraph 34 (a) – (b) of the Complaint.

35. Deny the allegations in paragraph 35 (a) – (c) of the Complaint.

36. Admit the allegations in paragraph 36 of the Complaint.

37. Aver that the allegations in paragraph 37 of the Complaint call for a legal conclusion to which no response is required.

38. Deny the allegations in paragraph 38 (a) – (h) of the Complaint and aver that the proxy materials speak for themselves.

39. Admit the allegations in paragraph 39 of the Complaint.

40. Deny the allegations in paragraph 40 of the Complaint.

41. Deny the allegations in paragraph 41 of the Complaint and aver that the proxy materials speak for themselves.

42. Deny the allegations in paragraph 42 of the Complaint.

43. Repeat the responses set forth in paragraphs 1 through 42 above.

44. Aver that the allegations in paragraph 44 of the Complaint call for a legal conclusion to which no response is required.

45. Deny the allegations in paragraph 45 of the Complaint.

46. Deny the allegations in paragraph 46 of the Complaint.

47. Deny the allegations in paragraph 47 of the Complaint.

48. Repeat the responses set forth in paragraphs 1 through 47 above.

49. Deny the allegations in paragraph 49 of the Complaint.

50. Deny the allegations in paragraph 50 of the Complaint.

51. Deny the allegations in paragraph 51 of the Complaint.

52. Deny the allegations in paragraph 52 of the Complaint.

53. Deny the allegations in paragraph 53 of the Complaint.

54. Repeat the responses set forth in paragraphs 1 through 53 above.

55. Deny the allegations in paragraph 55 of the Complaint.

56. Deny the allegations in paragraph 56 of the Complaint, except admit that Michael O'Connell maintains discretionary authority to control or influence the conduct of IRS Partners No. 19, L.P., The Leonetti/O'Connell Family Foundation, M2O, Inc., and The Michael F. O'Connell and Margo L. O'Connell Revocable Trust.

57. Deny the allegations in paragraph 57 of the Complaint.

## AFFIRMATIVE DEFENSES

### FirstAffirmative Defense

58. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SecondAffirmative Defense

59. The claims in the Complaint are barred in whole or in part by the equitable doctrines of waiver, acquiescence, ratification, and estoppel.

### ThirdAffirmative Defense

60. The claims in the Complaint are barred in whole or in part by the equitable doctrine of laches.

### FourthAffirmative Defense

61.     The claims in the Complaint are barred by the doctrine of unclean hands.

### FifthAffirmative Defense

62.     The Complaint is barred by the Plaintiff's own inequitable conduct.

### SixthAffirmative Defense

63.     The Complaint is barred by Plaintiff's own bad faith and misrepresentations.

WHEREFORE, it is respectfully submitted that judgment be entered in favor of Defendants, dismissing with prejudice the causes of action or claims set forth in the Complaint in their entirety, and granting such other and further relief as the Court deems just and proper.

### COUNTERCLAIMS

Defendants and Counterclaim-Plaintiffs, Legion Partners Asset Management, LLC, IRS Partners No. 19, L.P., Bradley Vizi, and Roger Ballou (collectively "Counterclaimants"), by their attorneys, Olshan Frome Wolosky LLP and Conrad O'Brien P.C., for their Counterclaims against RCM Technologies, Inc., allege as follows:

1.      For years, Counterclaim-Defendant RCM Technologies, Inc. ("RCM" or the "Company") has disappointed its shareholders with poor performance.  Early this year, IRS Partners No. 19, L.P., announced its intent to nominate two directors for seats on the Company's six-person board of directors (the "Board").  RMC's Board responded by adopting a "poison pill" Rights Plan, effectively preventing any shareholder from acquiring more than 15% of the then-outstanding shares of RCM common stock.  It then sought to tilt the playing field as much as possible to the advantage of the incumbents, including delaying the annual meeting – and prolonging the incumbents' tenure – for months. As set forth below, RCM has recently resorted to even more egregious behavior:  the use of false and misleading solicitation material to procure shareholder votes.

**Jurisdiction**

2. This Court has subject matter jurisdiction over these counterclaims per 28 U.S.C. § 1331, since the claims arise under the laws of the United States.

**The Parties**

3. Upon information and belief, RCM is a publicly traded company incorporated under the laws of Nevada with its executive office at 2500 McClellan Avenue, Pennsauken, New Jersey 08109, and its operations office located at 20 Waterview Boulevard, 4th Floor, Parsippany, New Jersey 07054.

4. Counterclaim-Plaintiff Legion Partners Asset Management, LLC, ("Legion Partners") is a Delaware limited liability company.

5. Counterclaim-Plaintiff IRS Partners No. 19, L.P. ("IRS Partners") is a Delaware limited partnership and the record owner of 1,000 shares of RCM common stock. Pursuant to an investment advisory agreement, Legion Partners exclusively manages the RCM shares held by IRS Partners.

6. Counterclaim-Plaintiff Bradley Vizi ("Mr. Vizi") is a founder and a Managing Director of Legion. Mr. Vizi is a nominee for the position of director in the contested election for two director seats to be held at the Company's annual meeting of stockholders scheduled for December 5, 2013 (the "2013 Annual Meeting").

7. Counterclaim-Plaintiff Roger Ballou ("Mr. Ballou") is also a nominee for the position of director in the election to be held at the 2013 Annual Meeting.

8. Counterclaimants, together with defendants (who do not assert counterclaims herein) The Leonetti/O'Connell Family Foundation (the "Foundation"), M2O, Inc. ("M2O"), The Michael F. O'Connell and Margo L. O'Connell Revocable Trust (the "Trust," together with IRS Partners, the Foundation, and M2O, the "O'Connell Entities"), Michael F. O'Connell ("Mr. O'Connell") and

8

Christopher S. Kiper ("Mr. Kiper"), are members of a group led by Legion Partners (collectively, the "Legion Group"), formed in connection with the proxy solicitation for directors to be elected at the 2013 Annual Meeting.

9. Counterclaimants, together with the other members of the Legion Group, are the beneficial owners of an aggregate of 1,647,849 shares of common stock, par value $0.05 per share, of RCM, representing approximately 13.3% of the shares of common stock outstanding.

### The Legion Group Nominates Directors

10. On January 2, 2013, IRS Partners delivered a letter (the "Original Notice") notifying the Company of its intention to nominate Mr. Vizi and Mr. Ballou (the "Nominees") for election to the Board and submit three business proposals for consideration at the then-unscheduled 2013 Annual Meeting.

11. On January 31, 2013, the Company announced that on January 30, 2013, the Board had adopted a stockholder rights plan (the "Poison Pill"), that would be triggered upon a person or group acquiring 15% or more of the outstanding common stock of the Company and would serve to then severely dilute the interest of such 15% shareholder. The adoption of a poison pill is a known defensive tactic used by corporate boards as a means to entrench incumbent management against the perceived threat of a corporate takeover.

12. As of January 31, 2013, the Stockholder Group owned in the aggregate approximately 12.4% of the Company.

### RCM Delays 2013 Annual Meeting

13. Each year, for the past ten years, the Company had held its annual meeting in the month of June. In 2012, the annual meeting was likewise in June, as it had been year after year. In 2013, by contrast, and after IRS Partners had notified the Company of its intention to nominate Mr.

9

Vizi and Mr. Ballou to the Board, the Company declined to set a date for an annual meeting in the months prior to and including May 2013.

14. The Company's delay in setting a date for its 2013 Annual Meeting was not unnoticed by investors, who peppered the Company with questions, on quarterly earnings calls, about why there was no date set for the Company's annual meeting.

15. On May 15, 2013, the Legion Group issued a press release calling upon the Company's management to schedule the 2013 Annual Meeting and requesting a detailed reason for the delay. In the press release, Mr. Vizi expressed his disappointment with the Company's adoption of the Poison Pill with a 15% trigger threshold, without stockholder approval, and its delay of the 2013 Annual Meeting. He noted his belief that such conduct was evidence of the Board's entrenchment effort.

16. The Company still declined to set a date for the 2013 Annual Meeting.

17. *Finally*, on October 1, 2013, the Company announced that it had scheduled December 5, 2013 as the date for the 2013 Annual Meeting. Since the date of the 2013 Annual Meeting was scheduled more than 30 days after the anniversary of the Company's 2012 annual meeting of stockholders (and in fact almost six months after the anniversary of the Company's 2012 annual meeting), the Company required stockholders to resubmit (at additional cost in both time and expense) written notice of any intention to nominate director candidates for election at the 2013 Annual Meeting by October 15, 2013.

18. On October 3, 2013, IRS Partners resubmitted notice of its intention to nominate the Nominees for election to the Board.

**The Company and The Legion Group File Proxy Materials**

19. On October 18, 2013, the Company filed preliminary proxy materials with the United States Securities and Exchange Commission ("SEC") relating to the 2013 Annual Meeting and on October 30, 2013 the Company filed its definitive proxy.

20. On October 21, 2013, the Legion Group filed its preliminary proxy materials with the SEC and on October 30, 2013 the Legion Group filed its definitive proxy.

21. Since October 30, each side has solicited support for its position from RCM shareholders. In desperation, RCM has made allegations about the Legion Group that are materially false and grossly misleading, in contravention of federal securities laws.

**RCM's Materially False and Misleading
Statements Regarding The Legion Group's SEC Filings**

22. On November 5, 2013, RCM filed additional definitive proxy soliciting materials that included a press release enclosing a self-serving letter (the "November 5 Letter") from RCM's Lead Independent Director, Robert B. Kerr.

23. The November 5 Letter states, in relevant part:

> We [RCM] also understand that, in numerous instances, you [the Legion Group] made statements in your recent proxy statement filings that we believe *were so false and misleading that you were required to revise your proxy statement a number of times at the request of the SEC*. (Emphasis added)

24. On November 8, 2013 RCM filed additional definitive proxy soliciting materials that included a press release (the "November 8 Press Release") that repeated the content of the November 5 Letter:

> We [RCM] also understand that, in numerous instances, you [the Legion Group] made statements in your recent proxy statement filings that we believe were *so false and misleading that you were required to revise your proxy statement a number of times at the request of the SEC*. (Emphasis added)

25.     The above statements in the November 5 Letter and the November 8 Press Release are false and misleading and in clear violation of SEC guidance.  In contests for board seats, each party must file a preliminary proxy statement with the SEC, pursuant to SEC Rule 14a-6, promulgated under the Securities Exchange Act of 1934 (the "Exchange Act"), which the SEC Staff routinely reviews.  Comments from the SEC Staff on preliminary material are common place and filers regularly make conforming revisions.  The mere existence of comments from the SEC in no way supports an inference that the preliminary material was false or misleading.

26.     As the SEC explains on its website, in issuing comments: "the [SEC] staff may request that a company provide additional supplemental information so the staff can better understand the company's disclosure, revise disclosure in a document on file with the SEC, provide additional disclosure in a document on file with the SEC, or provide additional or different disclosure in a future filing with the SEC."  Thus, all preliminary proxy materials, including those of RCM, are subject to SEC review and comments.  The SEC's intended goal is to provide the investing public with improved disclosure vetted by an objective arbiter.

27.     Notwithstanding the routine nature of SEC review and comment on preliminary proxy materials, RCM has misleadingly stated that the Legion Group's preliminary proxy filings were "false and misleading" simply by virtue of their being reviewed and commented upon by the SEC.

28.     RCM does *not* have access to the comments issued by the SEC with respect to the Legion Group's preliminary proxy materials.  It thus could not possibly have been in possession of *any* evidence that would have supported its own false and misleading allegations about the content of SEC comments about the Legion Group's proxy materials.  Accordingly, RCM's statements in the November 5 Letter and the November 8 Press Release that it "understands" that the Legion

Group's filings were so false and misleading that they had to be revised at the request of the SEC are completely unsubstantiated and misleading to stockholders.

29. RCM's false and misleading statements were made knowingly. This is demonstrated by RCM's own half-hearted attempt to temper its allegations in the November 8 Press Release with a purported disclaimer, stating in relevant part:

> [N]othing contained herein, including the press release attached hereto, or in the November 5 Press Release, should be deemed to imply that the SEC has determined that statements made in the Legion Group's proxy statement were false and misleading or that the SEC required the Legion Group to revise its proxy statement because of false and misleading statements.

30. However, in direct contradiction to the above disclaimer -- itself buried among other technical disclosures -- in the far more conspicuous text of its November 8 Press Release, RCM expressed its groundless charge that: "the SEC has already required the Legion Group to correct a number of false and misleading statements in its initial proxy statement filings" and continued: "we believe that the proxy statement that the Legion Group is providing to our stockholders still contains numerous false and misleading statements …"

31. The November 8 Press Release concluded in similar vein: "So that stockholders can see for themselves the extent to which the Legion Group has been attempting to mislead them, we call upon the Legion Group to immediately release all of the SEC comment letters that it has recently received which we believe will show numerous issues and concerns raised by the SEC with respect to statements made by the Legion Group in its proxy statement and other filings."

32. There is simply no basis for RCM's blatantly false and misleading allegation that the SEC had "numerous issues and concerns" with the Legion Group's filings, apart from any comments that the SEC had in the ordinary course of its review.

33. Moreover, there is no basis whatsoever for RCM's claim that the Legion Group should reveal the comment letters that it received from the SEC. The SEC's standard practice is to

13

preserve the confidentiality of its comment letters precisely so that the investing public does not fall prey to misleading and bad faith tactics such as the ones that RCM is employing here. The SEC's review is not intended or designed to pass on the merits of any contested matters in an election campaign. The disclosure of comment letters in an ongoing proxy contest can cause the SEC to become entangled in disputes over the meaning of its comments or cause its efforts to promote enhanced disclosure to be misinterpreted by stockholders as taking sides in contests. It may also deter filers from making changes, lest the revision be construed as a concession. The SEC's role is that of an objective arbiter with the limited mandate to ensure proper disclosure so that stockholders can make an informed decision on the merits.

34.     Accordingly, RCM's request that the Legion Group publicize the SEC's comment letters is inappropriate and an undue interference with the SEC's well-established practices. Furthermore, RCM's attempt to mislead stockholders into believing that the Legion Group's routine compliance with such practices somehow indicates that the SEC has identified falsehoods is a without any foundation in fact.

### RCM's Materially False and Misleading Statements Regarding the Legion Group's Disclosure of the Complaint

35.     RCM filed its Complaint on November 8, 2013, seeking injunctive and declaratory relief, alleging that the Legion Group has advanced false and misleading statements in violation of Sections 13(d), 14(a) and 20(a) of the Exchange Act.

36.     On November 12, 2013 the Legion Group filed a supplement to its proxy materials, as well as an amendment to its Schedule 13D. The purpose of these filings was to advise stockholders of the frivolous lawsuit filed by RCM.

37.     On November 13, 2013, RCM filed additional definitive proxy soliciting materials, which included a press release from RCM (the "November 13 Press Release") in which Leon

Kopyt, RCM's Chairman of the Board and Chief Executive Officer, is quoted as saying, in relevant part:

> We [RCM] believe that the Legion Group's decision yesterday to make extensive additional disclosures in its Schedule 13D and supplemental proxy statement is an obvious response to the allegations contained in our lawsuit and concern that they may face adverse court action.

38. Subsequently, on November 14, 2013, RCM compounded this misrepresentation by filing identical language in its Investor Presentation. RCM even goes as far as to characterize the Legion Group's additional filings as a "flood" of additional disclosures, while in fact the Legion Group made *no* additional disclosures in its supplemental filings.

39. RCM's statements are a complete mischaracterization of the purpose and content of the supplemental SEC filings made by the Legion Group, which simply advised stockholders of the frivolous lawsuit filed by RCM and countered specific allegations contained in the Complaint.

## FIRST COUNTERCLAIM
### (Violation of Section 14(a) Of The Exchange Act)

40. Counterclaimants repeat and reallege the allegations set forth in paragraphs 1 through 39 as if fully set forth herein.

41. The statements identified above in the November 5 Letter, the November 8 Press Release and the November 13 Press Release constitute direct violations of Rule 14a-9, promulgated under Section 14(a) of the Exchange Act.

42. Rule 14a-9 provides, in relevant part, that that: "[n]o solicitation subject to this regulation shall be made by means of any proxy statement . . . containing any statement which . . . is false or misleading . . . or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a- 9.

43. In disseminating the false and misleading statements described herein, RCM made untrue statements of material facts and omitted to state material facts necessary to make the

15

statements that were made therein not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

44.     A reasonable stockholder would consider the false and misleading statements and omissions important in deciding how to vote in this contested director election.

45.     RCM's conduct was knowing, willful, and wanton.

46.     By reason of the foregoing, RCM has violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

47.     Counterclaimants have no adequate remedy at law and the investing public will be irreparably harmed in the absence of the relief sought herein.  The requested relief also is appropriate to deter RCM from continuing its misconduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaimants respectfully request that this Court enter an order:

(a)     Adjudging and declaring that Counterclaim-Defendant RCM has violated Section 14(a) of the Exchange Act and the rules and regulations promulgated by the SEC thereunder;

(b)     Directing that Counterclaim-Defendant RCM file truthful and accurate additional definitive proxy soliciting materials, in compliance with the applicable rules and regulations, forthwith;

(c)     Preliminarily and permanently enjoining Counterclaim-Defendant RCM, its servants, employees, agents and attorneys, and all persons acting for them or on their behalf or in concert or participation with them, from directly or indirectly violating Section 14(a) of the Exchange Act and the rules and regulations promulgated thereunder;

(d)     Awarding Counterclaimants their costs and disbursements, including reasonable attorneys' fees, incurred in the prosecution of this action; and

16

(e) Granting Counterclaimants such other and further relief as the Court deems just and equitable in the circumstances.

Respectfully submitted,

s/ Nicholas M. Centrella

| | |
|---|---|
| Thomas J. Fleming, Esq. (*pro hac vice* pending) | Nicholas M. Centrella, Esq. |
| Jeffrey A. Udell, Esq. (*pro hac vice* pending) | **CONRAD O'BRIEN PC** |
| Nicole C. Barna, Esq. | Centre Square, West Tower |
| **OLSHAN FROME WOLOSKY LLP** | 1500 Market Street, Ste. 3900 |
| Park Avenue Tower | Philadelphia, PA 19102-1921 |
| 65 East 55th Street | Ph: (215) 864-8098 |
| New York, New York 10022 | Fax: (215) 864-0798 |
| Ph: (212) 451-2300 | Email: ncentrella@conradobrien.com |
| Fax: (212) 451-2222 | |
| Email: tfleming@olshanlaw.com | Joshua J. Voss, Esq. |
|         judell@olshanlaw.com | **CONRAD O'BRIEN PC** |
|         nbarna@olshanlaw.com | The Payne Shoemaker Building |
| | 240 North Third Street, 5th Floor |
| | Harrisburg, PA 17101 |
| *Attorneys for Defendants* | Ph: (215) 864-8081 |
| | Fax: (215) 864-7401 |
| Date: November 18, 2013 | Email: jvoss@conradobrien.com |

## **CERTIFICATE OF SERVICE**

I, Nicholas M. Centrella, hereby certify that I caused copies of the foregoing Answer and Counterclaims to be served on the following by electronic service, per Fed.R.Civ.P. 5(b) and L.Civ.R. 5.2:

> John McGahren, Esq.
> Stephanie R. Feingold, Esq.
> Morgan, Lewis & Bockius LLP
> 502 Carnegie Center
> Princeton, NJ 08540-6289
>
> Elizabeth Hoop Fay, Esq.
> Morgan, Lewis & Bockius LLP
> 1701 Market Street
> Philadelphia, PA 19103-2921
>
> Charles W. Cox, Esq.
> Alston & Bird LLP
> 333 South Hope Street, 16th Floor
> Los Angeles, CA 90071-1410
>
> *Attorneys for Plaintiffs*

| | |
|---|---|
| Date: November 18, 2013 | s/ Nicholas M. Centrella<br>Nicholas M. Centrella, Esq.<br>**CONRAD O'BRIEN PC**<br>Centre Square, West Tower<br>1500 Market Street, Ste. 3900<br>Philadelphia, PA 19102-1921<br>Ph: (215) 864-8098<br>Fax: (215) 864-0798<br>Email: ncentrella@conradobrien.com<br><br>*Attorneys for Defendants* |